law on this point to be settled; and if it were otherwise, it would be productive of great confusion, and great injustice. On what ground the jury formed their verdict, does not appear. But the judge before whom the cause was tried was not satisfied with the verdict, although in order to take the opinion of this court on a point of law which he thought of importance, he overruled the motion for a new trial. Our opinion is, that a new trial should be granted.

New trial granted.

1809.

Lessee
of
EVANS
v.
NARGON€.

---

Lessee of MURRAY and Wife *against* GALBRAITH.

*Sunbury,*
*Wednesday,*
*July 12.*

THE estate of the defendant in the premises in question was taken in execution, and sold by the plaintiff to one *George Lang*, who, pending this ejectment, obtained possession under the act of 6th *April* 1802, *5 St. Laws* 266.

Upon an affidavit by *Lang* of the truth of these facts, and that he was substantially interested in the matter in controversy, *Watts* moved to add the name of *Lang* as co-defendant in the suit.

*Duncan* and *Evans* contra, suggested that other persons were interested in *Lang's* purchase, and objected to the motion unless all their names were disclosed, and placed upon the record.

But the Court thought there was nothing in the objection, and granted the motion.

A person, who has purchased the defendant's interest in the premises at sheriff's sale, and after ejectment brought has obtained possession under the act of 6th *April* 1802, may be made a co-defendant, notwithstanding there may be persons interested in the purchase, whose names are not disclosed.